UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. ASHFORD,<br>TIMOTHY L. ASHFORD, P.C.L.L.O. | ) ) ) | CASE NO. 8:26 cv356 |
| Plaintiff, | ) ) | COMPLAINT |
| vs. | ) ) ) | |
| | ) ) ) | PLAINTIFFS<br>DEMAND A<br>JURY TRIAL |
| HON. Jeffrey J. Funke, Chief Justice<br>of the Nebraska Supreme Court<br>in his official capacity<br>and his individual capacity; | ) ) ) ) ) | |
| HON. Stephanie F. Stacy, Justice<br>of the Nebraska Supreme Court<br>in her official capacity<br>and her individual capacity; | ) ) ) ) ) | |
| HON. Derek R. Vaughn, Justice<br>of the Nebraska Supreme Court<br>in his official capacity<br>and his individual capacity; | ) ) ) ) ) | |
| HON. William B. Cassel, Justice<br>of the Nebraska Supreme Court<br>in his official capacity<br>and his individual capacity; | ) ) ) ) ) | |
| HON. Jonathan J. Papik, Justice<br>of the Nebraska Supreme Court<br>in his official capacity<br>and his individual capacity; | ) ) ) ) ) | |
| HON. Jason M. Bergevin, Justice<br>of the Nebraska Supreme Court<br>in his official capacity<br>and his individual capacity; | ) ) ) ) ) | |
| HON. John R. Freudenberg, Justice<br>of the Nebraska Supreme Court<br>in his official capacity<br>and his individual capacity; | ) ) ) ) | |

OFFICE OF THE CLERK
2026 JUL 22 PM 3: 15
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
FILED

1

| | |
|---|---|
| MARK A. WEBER, <br> Counsel for Discipline <br> of the Nebraska Supreme Court, <br> in his official capacity <br> and his individual capacity; | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| | ) |
| Kent Frobish, <br> Assistant Counsel for Discipline <br> of the Nebraska Supreme Court, <br> in his official capacity <br> and his individual capacity; | ) <br> ) <br> ) <br> ) <br> ) |
| | ) |
| Jarrod S. Boitnott, <br> Assistant Counsel for Discipline <br> of the Nebraska Supreme Court, <br> in his official capacity <br> and his individual capacity; | ) <br> ) <br> ) <br> ) <br> ) |
| | ) <br> ) |
| John Does, 1-100, | ) |
| | ) |
| Jane Does, 1-100 | ) |
| | ) |
| Real Name Unknown, 1-100 | ) |
| | ) |
| Defendants. | ) |

COMES NOW THE PLAINTIFF, Timothy L. Ashford and for his cause of action against the defendants, states and alleges as follows:

This is a civil action seeking damages against defendants for committing acts under color of law which deprived plaintiff of rights secured under the constitution and laws of the United States of America and the state of Nebraska and for conspiring for the purpose of impeding and hindering those rights as guaranteed under the constitution of the United states and the state of Nebraska with the intent to deny plaintiff equal protection of the law, his due process rights, and other rights and liberties and for refusing or neglecting to prevent such deprivation as follows

2

## JURISDICTION AND VENUE

The Plaintiffs Timothy L. Ashford and Timothy L. Ashford, P.C., L.L.O. ("Plaintiffs"), files this complaint pursuant to 28 U.S.C. § 1331, Neb. Rev. Stat. §13-901 and § 81-8,213 and damages under 42 USC § 1981, 42 USC § 1983, Title VII, Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 and the US Constitution and the Nebraska Constitution requests relief for violation of the Plaintiffs rights to make and enforce contracts, violation of the Plaintiff's U.S. Constitutional Rights, violation of Plaintiffs Federal Civil Rights and Nebraska Constitutional Rights based upon race and sex by the Defendants and for retaliation against the Plaintiff for his first amendment right to freedom of speech for his editorial complaints of racism against the Douglas County District Court and his lawsuits, harassment, declaratory and injunctive relief and these actions were taken under color of state law pursuant to Neb. Rev. Stat. § 25-219 and alleging that is a violation of his due process and equal protection rights under the U.S. constitution and the Nebraska constitution. This Court has jurisdiction over Plaintiff's claims and plaintiff has complied with the statutes pursuant to Neb. Rev. Stat. § 84-911. Venue is proper pursuant to Neb. Rev. Stat. § 84-911. Neb. Rev. Stat. § 13-907. The Plaintiff has timely complied with Neb. Rev. Stat. §13-901 and § 81-8,212 by filing a claim with Douglas County and the State of Nebraska. All actions occurred in Douglas County, Nebraska in the state of Nebraska. Defendants are sued in their official capacity, and their official place of business is Lancaster, County District.

## THE PARTIES

### PLAINTIFFS

1. Plaintiff, who is an African American male, is a resident of Omaha, Douglas County, Nebraska with more than 34 years as a licensed attorney.

3

2. Timothy L. Ashford, P.C., L.L.O. is a corporation which was incorporated in Omaha, Douglas County, Nebraska. Plaintiff is a duly licensed attorney practicing law in Omaha, Douglas County, Nebraska and Colorado.

3. Plaintiff Timothy L. Ashford is an African American citizen of the United States of America and a citizen of the State of Nebraska who has a license to practice law before the United States Supreme Court, the Sixth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, the Nebraska Supreme Court and the Colorado Supreme Court.

4. Timothy L. Ashford, P.C., L.L.O. is a corporation which was incorporated in Omaha, Douglas County, Nebraska and does business in Omaha, Nebraska.

5. Timothy L. Ashford is a resident in Omaha, Nebraska.

6. Plaintiff is a duly licensed attorney practicing law in Omaha, Douglas County, Nebraska and Colorado.

7. Plaintiff is a law corporation in Nebraska.

8. Plaintiff is a former prosecutor who has been licensed since 1989 and Plaintiff has been a Defense attorney since 1998 practicing primarily in Omaha, Douglas County, Nebraska.

9. Plaintiff graduated from Drake University Law School in 1988 in the Drake accelerated law school program which is a two and one half year program instead of the three year law school program.

10. Plaintiff was licensed in Colorado in 1989.

11. Plaintiff has represented a number of high profile clients.

12. Plaintiffs sued the Douglas County, Omaha, Nebraska Judges, which includes W. Russell Bowie, for racial discrimination to appoint black attorneys to represent poor defendants in murder cases and capital murder cases on the all-white Douglas County Murder

4

Panel. In Ashford v. Hendrix in the Douglas County Court and the Nebraska Court of Appeals A 24 865 Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.) Timothy L. Ashford v. John Does in the Eighth Circuit Court of Appeals Case number 16-3366.

13.    Plaintiff sued the Douglas County Judges for racial discrimination to appoint black attorneys to represent poor defendants in murder cases and capital murder cases. As a result of Plaintiff's racial discrimination lawsuits approximately 10 black attorneys were appointed to represent poor defendants in felony and misdemeanor cases. Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.) Timothy L. Ashford v. John Does in the Eighth Circuit Court of Appeals Case number 16-3366.

14.    Plaintiff was invited by the Nebraska State Bar Association (NSBA) to appear on a panel and speak before approximately 580 attorneys at the initial annual NSBA conference in 2009 with two prominent criminal defense attorneys. "Attorney Timothy L. Ashford Panelist at Nebraska State Bar Association" Omaha Star October 29, 2009.

15.    Dennis Carlson of the Office for Counsel for Discipline invited the Plaintiff to speak at the initial annual NSBA conference in 2009.

16.    In response to Plaintiff's article "Is the Douglas County Court Racist?" which appeared in the Omaha Star March 7, 2014, Plaintiff received a letter from Nebraska Chief Justice Michael Heavican (3/12/14) and Douglas County Court Judge Craig McDermott (3/11/14) on official judicial letterhead stationery "At its consultation of March 12, 2014, The court discussed the representation of indigent defendants in Douglas County."

17.    Mark Weber stated in a 2/5/21 letter to Plaintiff that the Freedom of Information Act request Plaintiff made for a copy of Plaintiff's grievance letter in Plaintiff's file, which is used to disbar Plaintiff in the bar complaint filed 10/3/16, is confidential from Plaintiff

5

18.     The letter of complaint Plaintiff requested from Weber does not exist and has never existed.

19.     Plaintiff graduated from Drake University Law School in 1988 in the Drake accelerated law program which is a two and one half year program instead of the three year program.

20.     Plaintiff represented the late former Black Panther Party Members for Self Defense and the National Committee to Combat Fascism David "Mondo" Rice also known as "Wopashitwe Mondo Eyen We Langa" and Edward Poindexter. State v. Rice, 295 Neb. 241 (2016). "Judge orders payment of fees to lawyer for killer's final appeal" Omaha World Herald "July 20, 2017 "County must pay lawyer for killer's final appeal" Omaha World Herald  December 10, 2018

21.     Plaintiff is the only attorney to represent both Edward Poindexter and the late David "Mondo" Rice who are former Black Panther Party Members for Self Defense and members of the National Committee to Combat Fascism for more than 24 years pro bono.

22.     The British Broadcasting Company (BBC) has a special on Operation Cointelpro which discusses the case of Poindexter and Mondo which is now shown on Youtube. The BBC special investigated the Omaha Two-Poindexter and Mondo- who are considered political prisoners and were convicted as a result of the F.B.I. Operation Cointelpro which was designed to destroy and jail the Black Panthers.  Former Black Panther Geronimo Pratt who was represented by the late Johnnie Cochran was also featured in that same BBC Operation Cointelpro special.

23.     Plaintiff won his first federal criminal jury trial in which his client was arrested while walking from the house to a car with a package of crack cocaine in his hands during a sting operation by the government. The client was charged with possession and possession with intent to deliver in the U.S. District Court in Nebraska. After a three-day jury trial, the jury returned a

6

not guilty verdict in approximately 45 minutes. The U.S. Attorney wins approximately 95 out of 100 criminal jury trials. (8:04 CR 274)

24.     Plaintiff successfully won an acquittal of the charge of murder/manslaughter in Plaintiff's first murder trial.

**25.**     As a result of Plaintiff's discrimination lawsuits more than approximately 50 Nebraska judges have had to recuse themselves in Plaintiff's cases.

DEFENDANTS

26.     Jeffrey J. Funke,  Stephanie F. Stacy, Derek R. Vaughn, William B. Cassel, Jonathan J. Papik, Jason M. Bergevin, John R. Freudenberg, are members of the Nebraska Supreme Court and have their principal office in Lincoln, Lancaster County, Nebraska as a branch of the Nebraska Supreme Court.

27.     That at all times relevant the Defendants Office for Counsel for Discipline and Mark Weber, Kent Frobish and Jarrod S. Boitnott had their principal office in Lincoln, Lancaster, County, Nebraska as a branch of the Nebraska Supreme Court.

28.     Mark Weber is the director of the Office for Counsel for Discipline and had their principal office in Lincoln, Lancaster County, Nebraska as a branch of the Nebraska Supreme Court.

29.   The Plaintiffs have complied with Neb. Rev.  Stat. §13-901 and § 81-8,213  and  damages Plaintiff's Nebraska Constitutional rights and for a violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, under Title VII and the US Constitution and the  Nebraska Constitution requests relief for violation of the Plaintiffs rights to make and enforce contracts, violation of the Plaintiff's U.S. Constitutional Rights, violation of Plaintiffs Federal Civil Rights and Nebraska Constitutional Rights based upon race, age and sex by the Defendants and for

retaliation against the Plaintiff for his first amendment right to freedom of speech for his editorial complaints of racism against the Douglas County District Court and harassment, and his lawsuits and these actions were taken under color of state law pursuant to Neb. Rev. Stat. § 25-219.

30. Defendant Office for Counsel for Discipline is a branch of the Nebraska Supreme Court to whom the court has delegated the authority to discipline the licensed attorneys in the Nebraska and the Office for Counsel for Discipline has been granted quasi-judicial immunity by the Nebraska Supreme Court.

31. Defendant Mark Weber is the duly appointed Director of the Office for Counsel For Discipline for the Supreme Court of Nebraska.

32. The Office of the Counsel for Discipline is an official branch of the Nebraska Judicial Branch and operates under the authority of the Nebraska Supreme Court.

33. The Counsel for Discipline is directly appointed by the Supreme Court to investigate and prosecute violations of the Rules of Professional Conduct.

34. Article II-1. Legislative, executive, judicial. (1) The powers of the government of this state are divided into three distinct departments, separates the three branches of government and the prosecutor should not also be the judge.

35. Plaintiff alleges an unconstitutional violation of the separation of the three branches of government by the eight straight year bar complaint to disbar the Plaintiff.

36. Upon information and belief in 1937, the Nebraska Supreme Court by order created the Nebraska State Bar Association and its predecessor the Nebraska Bar Association was a voluntary organization which was founded in 1899.

37. Upon information and belief, the Office of the Counsel for Discipline was originally

8

established in October 1973 under the Nebraska State Bar Association (NSBA) and began operations in March 1974. The Office for Counsel for Discipline later moved under the administrative oversight of the Nebraska Judicial Branch on January 1, 2002.

38. Upon information and belief, the Office of the Counsel for Discipline moved to the Nebraska Judicial Branch from the Nebraska State Bar Association on January 1, 2002, with Dennis Carlson serving as the Counsel for Discipline.

39. The Nebraska State Supreme court by and through their Office for Counsel for Discipline acted as both prosecutor and judge in the eight straight year bar complaint.

40. At all times during the time of this action, Jeffrey J. Funke acted in an administrative, legislative, and executive role and not in a judicial role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

41. At all times during the time of this action, Stephanie F. Stacy acted in an administrative, legislative, and executive role and not in a judicial role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

42. At all times during the time of this action, Derek R. Vaughn acted in an administrative, legislative, and executive role and not in a judicial role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

43.   At all times during the time of this action, William B. Cassel acted in an administrative, legislative, and executive role and not in a judicial role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

44.   At all times during the time of this action, Jonathan J. Papik acted in an administrative, legislative, and executive and not in a judicial role role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

45.   At all times during the time of this action, Jason M. Bergevin acted in an administrative, legislative, and executive and not in a judicial role role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

46.   At all times during the time of this action, John R. Freudenberg acted in an administrative, legislative, and executive and not in a judicial role role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

47.   At all times during the time of this action, Mark Weber acted in an administrative, legislative, and executive role and not in a judicial role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes,

customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

48. At all times during the time of this action, Kent Frobish acted in an administrative, legislative, and executive role and not in a judicial role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

49. At all times during the time of this action, at all times during the time of this action, Jarrod S. Boitnott acted in an administrative, legislative, and executive role and not in a judicial role in investigating the Plaintiff to maliciously disbar Plaintiff for eight straight years and acted under color of law, statutes, customs and ordinances in violation of the constitution to maliciously discriminate and violate the plaintiff's constitutional rights.

50. While judges enjoy absolute immunity from liability in damages for their judicial or adjudicatory acts, judges are not absolutely immune from liability and damages for administrative, legislative, or executive functions that judges may occasionally be assigned by law to perform; it is nature of function performed—adjudication—rather than identity of actor who performed it—judge—that determines whether absolute immunity attaches to act. Forrester v. White, 484 U.S. 219 (1988).

51. Defendants do not have judicial immunity in this eight straight year bar complaint in violation of the constitution.

## FACTS

52. The State of Nebraska, the Nebraska Supreme Court and the Office for Counsel for Discipline, instituted a bar complaint investigation to disbar Plaintiff Attorney Timothy L.

11

Ashford for eight straight years or 93 months or 2,849 days.

53.     In retaliation for Plaintiff's articles and Plaintiff's lawsuits filed against Douglas County for racial discrimination because Plaintiff's was falsely investigated to disbar Plaintiff as an African American Attorney by the Office for Counsel for Discipline and the state of Nebraska in violation of Plaintiff's constitutional rights.

54.     The average bar complaint usually lasts one year.

55.     The two false bar complaint investigated by Nebraska lasted from 10/4/16 until 7/23/24 when it was dismissed.

56.     Defending the false investigation has financially drained Plaintiff's resources and destroyed Plaintiff's law business.

57.     The thousands of hours Plaintiff spent defending the false bar complaint by Nebraska should have been used to build Plaintiff's law practice and create wealth for my family. Just like other African Americans who have been discriminated against, Plaintiff suffered as a direct result of this investigation..

58.     In retaliation for Plaintiff's racial discrimination cases against Douglas County and because Plaintiff is black Judge Marcena Hendrix anonymously mailed a false bar complaint to the Office for Counsel for Discipline to make it appear that Plaintiff committed an unethical act.

59.     Hendrix did not write a grievance letter as required by the rules of the bar complaint.

60.     The Office for Counsel for Discipline has a rule that they will not investigate a complaint unless they receive a grievance letter stating the allegations against the attorney but because Plaintiff is black they violated their rule to require a grievance letter.

61.     The U.S. District Court of Nebraska has ruled that judge Hendrix sent the bar complaint.

62.     Hendrix racially targeted two Black men boxer Terrance "Bud" Crawford and Plaintiff

with orders in violation of 18 U.S.C. § 242 to repay money Plaintiff did not owe.  Hendrix presided over the State v. Crawford case which was appealed to the Douglas County District Court CR 16-3923 and the court ruled Hendrix abused her discretion. Hendrix sentenced Crawford to jail for 90 days although the prosecutor requested probation. Hendrix ordered Crawford to pay $6,000 and the District Court stated "no rationale trier of fact could have found the necessary elements to justify a guilty finding for the destruction of property. The (District) court reversed Defendant's (Crawford) conviction for destruction of property."

63.     To investigate the Hendrix complaint the Nebraska Supreme Court appointed a special prosecutor.

64.     Former Judge Teresa Luther was appointed as special prosecutor by Chief Justice Michael Heavican and the Nebraska Supreme Court to investigate the allegations by Hendrix in the Office for Discipline complaint (10/4/16) filed in the Brown Case PR 14 1483 by Judge Hendrix.

65.     Judge Luther dismissed the  allegations filed by Judge Marcena Hendrix on October 4, 2022 stating that which follows:

The first matter was under investigation to determine whether you charged or collected an unreasonable fee contrary to Neb. Ct. R. of Prof. Cond. § 3-501.5(a). Judge Hendrix determined that your fees in the case were not fair and reasonable and therefore ordered you to refund $8,265 to the ward's estate. You filed multiple appeals regarding the issue of your fees; however, none of your appeals were determined on the merits. Because of the multiple appeals, counsel for discipline, and later myself, waited for a resolution of the case before we concluded our investigations. After my independent review of the propriety of your fees in the Brown case (PR 14 1483), I have determined that there is not clear and convincing evidence that you violated § 3-

13

501.5(a). Therefore, I have today (October 4, 2022) dismissed the investigation pursuant to Nebraska court rule § 3-309(C).

66. The second false bar complaint was filed by non-clients non-attorneys who attempted to extort Plaintiff in the amount of $6,028.20 in violation of 18 U.S.C. § 876 mail fraud and 18 U.S.C. § 1341. The informed Plaintiff to pay their extortion demand which is to dismiss his fees in their 12/13/18 extortion letter or they would file a false report to the bar as well as an internet review.

67. Plaintiff refused to pay the extortion attempt of the second disbarment.

68. The non-clients non-attorneys did not have a contract for legal services with Plaintiff's law firm.

69. The non-clients non-attorneys, acting as unlicensed attorneys, filed a false bar complaint against Plaintiff on 3/19/19 with the Office for Counsel for Discipline.

70. The 7/23/24 dismissal letter from the Nebraska Office for Counsel for Discipline authored by attorney Kent Frobish stated in a letter:

71. "I do not wish to put (my accusers) through any additional stress having to participate in a disciplinary proceeding."

72. The letter by Frobish lacked any legal analysis and was dismissed so the extortionist would not face any criminal charges.

73. The Frobish letter also states that the special prosecutor former judge Teresa Luther appointed by the Nebraska Supreme Court resigned for personal reasons.

74. Plaintiff was never informed of the resignation of the special prosecutor Teresa Luther until the 7/23/24 dismissal letter.

75. Plaintiff requested the F.B.I. and the U.S. Attorney interview Teresa Luther.

14

76.     Plaintiff sued the Douglas County Judges for racial discrimination to appoint black attorneys to represent poor defendants in murder cases and capital murder cases. As a result of this lawsuit approximately 10 African American Attorneys were appointed to represent indigent defendants in misdemeanor and felony cases. Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.) Timothy L. Ashford v. John Does in the Eighth Circuit Court of Appeals Case number 16-3366.

77.     "It is clear that Ashford has previously utilized his legal abilities to bring important matters to the forefront of discussion in our society." Is a quote from a judge after the lawsuit to appoint black attorneys.

78.     Plaintiff sued Donald Kleine to appoint African American Attorneys and appealed the case to the Supreme Court of the United States in State of Nebraska Ex rel. Timothy L Ashford, P.C.L.L.O. and Timothy L Ashford, Petitioner v. Donald Kleine, Douglas County Attorney, state of Nebraska, respondents, number 22-341.

79.     Plaintiff  sued the Office for Counsel for Discipline and  it was appealed to the Supreme Court of the United States in Timothy L. Ashford, Petitioner v. Office for Counsel for Discipline, et al. 19-2618.

80.     The Plaintiff is banned without any reason from receiving murder cases from Douglas County although Plaintiff has won his first murder case in trial.

81.     The Plaintiff is banned without any reason from receiving court appointments from the federal court Criminal Justice Act although Plaintiff won his first federal jury trial.

82.     This Plaintiffs is availing himself of his constitutional right as stated in the  foundational aspect of the U.S. legal system known as concurrent jurisdiction which is discussed in numerous United States Supreme court cases such as Colorado River Water Conservation Dist. v. U. S., 424

U.S. 800 (1976) to file this case in both state court and federal court. Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800 (1976).

83.     Mere potential for conflict in the results of adjudication does not, without more, warrant staying the exercise of federal jurisdiction. Id.

84.     Federal Judge Brian C. Buescher wrote about the Plaintiff: "It is clear that Ashford has previously utilized his legal abilities to bring important matters to the forefront of discussion in our society."

85.     The eight year bar complaint investigation of the Plaintiff by the defendants was because of the race of the plaintiff.

86.     The actions of the defendants were in the express disregard of the civil rights of the plaintiff and such conduct violated the rights guaranteed to plaintiff by the constitution and the laws of the United States and of the state of Nebraska.

87.     Since the months ensuing since the specific incidents described in this complaint started, plaintiff has suffered retaliation, threats and an additional disciplinary action designed to harass and intimidate and to suppress plaintiff's rights guaranteed by the constitution of the United States and the state of Nebraska.

88.     The malicious and intentionally conduct of defendants directed at Plaintiff because of his race deprived plaintiff of equal protection of the law in violation of the 14th amendment to the constitution of the United States and caused plaintiffs to suffer the incidents of slavery in violation of the 13th amendment to the constitution of the United States and the Nebraska Constitution. Art. XIII, U.S. Constitution as enforced by 42 U.S.CA.

89.     The defendant's caused the plaintiffs to suffer deprivation of its constitutional rights, violations and infringements of plaintiffs constitutional and statutory rights as guaranteed by the

13th and 14th amendment to the constitution of the United States and the equal protection of the law.

90.    The plaintiff suffered mental, physical and emotional distress from the eight-year long false bar complaint.

## FIRST CAUSE OF ACTION

91.    Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

92.    Defendants intentionally and deliberately discriminated against Plaintiff by Prosecuting in violation of his due process rights by acting with deliberate indifference to Plaintiff's constitutional rights.

93.    The action(s) of one or more of the Defendants and their employees, agents, personnel, officers, panel, contractors and/or other persons acting within the scope and course of their employment and/or contract with the Douglas County and the State of Nebraska in the performance of their duties violated Plaintiff's constitutional rights

94.    Defendants' actions deprived Plaintiff of a property right based upon an unreasonable, arbitrary and capricious unwritten rule without due process of law in violation of the U.S. Constitution.

95.    Defendants violated the Plaintiff's constitutional rights as the established policies and practices that were intended to and did encourage the violation of Plaintiff's constitutional rights. At the very least, Defendants acted with deliberate indifference to Plaintiff's constitutional rights. As set forth above, the intentional or reckless misconduct of the Defendants entitles Plaintiff to compensatory, general and punitive damages in an amount to be determined at trial.

17

## SECOND CAUSE OF ACTION

96. Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

97. Defendants intentionally attempted to impugn the reputation and character of the Plaintiff by inference that Plaintiff was investigated for eight years based upon an unreasonable, arbitrary and capricious standard in violation of the U.S. Constitution and this has caused Plaintiff damages in an unknown amount which will be proven at trial.

98. WHEREFORE Plaintiff requests judgment against the Defendants general and special damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## THIRD CAUSE OF ACTION

99. Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

100. As a proximate result of the violation 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiff's constitutional rights the Plaintiff incurred unreasonable and unnecessary time to pursue his constitutional rights by filing this lawsuit; the exact amount will be set forth with particularity upon completion of discovery.

101. WHEREFORE Plaintiff requests judgment against the Defendants general and special damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev.

Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## FOURTH CAUSE OF ACTION

102.    Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

103.    Defendants and their agents intentionally prosecuted plaintiff in retaliation of his actions as a defense attorney and denied the Plaintiff his constitutional rights which has caused him damages which will be proved after discovery.

104.    WHEREFORE Plaintiff seeks judgment against the Defendants and their agents in an amount which will fairly and justly compensate the Plaintiff for his compensatory damages and together with general damages appropriate together with the costs of this action, attorney fees and punitive damages and such other and further relief as the Court deems appropriate under the circumstances.

## FIFTH CAUSE OF ACTION

105.    Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

106.    Defendants and their agents intentionally denied the Plaintiff his constitutional rights based upon his race, age and his sex by denying Plaintiff the constitutional right to be free from the retaliation and the damages which will be proven after discovery.

107.    WHEREFORE Plaintiff requests judgment against the Defendants general and special damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev.

19

Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## SIXTH CAUSE OF ACTION

108.   Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

109.   Plaintiffs violated due process by allowing claimants to file claims used in the bar complaint which were not supported by valid evidence.

110.   WHEREFORE Plaintiff requests judgment against the Defendants for general and special damages in an amount which will fairly and justly compensate the Plaintiffs as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983  and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## SEVENTH CAUSE OF ACTION

111.   Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

112.   Plaintiffs seeks compensation against the Defendants for general, compensatory, special and punitive damages.

113.   WHEREFORE Plaintiff requests judgment against the Defendants general and special damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with punitive

damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## EIGHTH CAUSE OF ACTION

114. Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

115. The Defendants acting through their employees, agents or others intentionally and/or negligently delayed the investigation and the Defendants knowledge of the false nature of the bar complaints acted in a reckless disregard of the constitutional rights of the Plaintiff.

116. WHEREFORE Plaintiff requests judgment against the Defendants general and special damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## NINTH CAUSE OF ACTION

117. Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

118. The Defendant denied the Plaintiffs their U.S. Constitutional rights and their Nebraska Constitutional rights.

119. WHEREFORE Plaintiff requests judgment against the Defendants general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiffs as a result of the above named Defendants for fraud and for a violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs U.S.

21

Constitutional rights and Nebraska Constitutional rights together with general compensatory, special and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## **TENTH CAUSE OF ACTION**

120.    Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

121.    All Defendants, their agents and/or employees and others engaged in a continuing pattern, custom, policy, procedure and practice of knowingly, intentionally and purposefully discriminating against Plaintiff by denying the Plaintiff his constitutional rights in Omaha, Douglas County, Nebraska

122.    WHEREFORE Plaintiff requests judgment against the Defendants general and special damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiff's U.S. Constitutional rights and Nebraska Constitutional rights together with general compensatory, special and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## **ELEVENTH CAUSE OF ACTION**

123.    Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

All Defendants, their agents and/or employees and others engaged in a continuing pattern, custom, policy, procedure and practice of knowingly, intentionally and purposefully discriminating against Plaintiff in investigating the false complaints for more than eight years in Omaha, Douglas County, Nebraska..

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## TWELTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

The bar was negligent in not investigating the allegations of the bar complaint and after receiving all the evidence, the unconstitutional charges which supported the bar were dismissed and the proceedings were terminated.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## THIRTEENTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

23

Defendants the Office for Discipline action instituted the disbar complaint against the Plaintiff without any evidence which was a willful, malicious and improper use of the judicial process to accomplish a result outside its lawful scope and to violate Plaintiff's constitutional rights.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## FOURTEENTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

As part of a conspiracy against the Plaintiff the Defendants maliciously and with no probable cause conducted an eight year investigation in the Office for Discipline initiated bar complaint in an attempt to disbar the Plaintiff in violation of his constitutional rights.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of

24

this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## FIFTEENTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

By reason of Defendant's malicious and wrongful conduct Plaintiff has been greatly injured in Plaintiff's reputation, Plaintiff's character has been defamed and Plaintiff has suffered great mental and bodily distress and Plaintiff has been damaged in the sum of money which will be determined at trial.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## SIXTEENTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

By reason of Defendant's malicious and wrongful conduct, Plaintiffs were compelled to expand time to defend the false malicious disbarment charges.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly

compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## SEVENTEENTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

The action by the defendants was instituted and prosecuted by the defendants against plaintiffs without probable cause and with the malicious intent to unjustly vex, trouble and harassed the plaintiff in retaliation against the Plaintiff.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## EIGHTEENTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

Due to the malicious and vexatious nature of the action in the bar investigation proceeding plaintiffs had no opportunity to effectively oppose the action for the period of eight straight years.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## NINTEENTH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

Defendants instituted the malicious bar complaint proceeding and prosecuted it maliciously and without probable cause for eight straight years to specifically destroy plaintiffs African American law firm and to disbar the Plaintiff.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

27

## TWENTIETH CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

By reason of the preceding which was maliciously commenced by the defendant to disbar the plaintiff, the plaintiff has suffered great financial loss to his law firm just as racist whites destroyed the Black Wall Street in Tulsa, Oklahoma 100 years ago.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## TWENTY FIRST CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

The defendants maliciously prosecuted plaintiff and retaliated against the plaintiff because he exercised his First Amendment rights to criticize the racist practices of the court in articles and to file lawsuits to destroy the discriminatory practice of the court.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska

28

Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## TWENTY SECOND CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

The defendants maliciously prosecuted the bar complaint against the plaintiff in retaliation for the plaintiff articles criticizing the racist practices in the judicial system and the plaintiff's lawsuits which forced the Fourth Judicial Court to appoint African American attorneys to represent indigent defendants in misdemeanor and felony criminal cases. The court opposed the appointment of African Americans to murder cases in court.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

## TWENTY THIRD CAUSE OF ACTION

Plaintiff incorporates the previous paragraphs of the complaint as though fully set forth herein.

Based upon Plaintiff's race, the defendants deprived plaintiff of equal protection of the law in violation of the 14th amendment to the constitution of the United States and caused

29

plaintiffs to suffer the incidents of slavery in violation of the 13th amendment to the constitution of the United States and the Nebraska Constitution.

WHEREFORE Plaintiff requests judgment against the Defendants for general compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Plaintiffs U.S. Constitutional rights and Nebraska Constitutional rights together with general, compensatory and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

### REQUEST FOR RELIEF

124. WHEREFORE Plaintiff requests judgment against the Defendants general, compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

125. WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare Defendants' conduct to be violative of the Plaintiffs' rights under the appropriate state or federal law(s) and/or U.S. Constitution and state law;

b. Award Plaintiff past, present, and future general, compensatory, special and punitive damages in amount to be determined by a jury of her peers and by this court;

30

c. Award Plaintiff punitive damages against the individually named defendants acting in their individual capacities;

d. Enjoin Defendants from engaging in any further illegal actions against the Plaintiff;

e. Award Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiffs.

126.    WHEREFORE Plaintiff requests judgment against the Defendants general, compensatory, special and punitive damages in an amount which will fairly and justly compensate the Plaintiff as a result of the above named Defendants' violation of the U.S. Constitution, the Nebraska Constitution, U.S. federal statutes and case law, Nebraska statutes and case law, 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and Neb. Rev. Stat. § 25-208, Neb. Rev. Stat. § 25-219 the Plaintiffs constitutional rights together with general damages, special damages and punitive damages and the costs of this action and reasonable attorney's fees and such other and further relief as the Court deems just.

127.    No attorneys in Nebraska will represent Plaintiff for fear of retaliation in this lawsuit against the Murder Panel and the Nebraska Court system so Plaintiff is a Pro Se litigant, who as an attorney, requests an attorney fee award under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C.A. § 1988. Lanasa v. City of New Orleans, et, 619 F.Supp. 39 (1985)

WHEREFORE, Plaintiffs prays for a judgment against the Defendants for general damages, compensatory damages, special damages and punitive damages and Plaintiffs' costs incurred herein, and compensation for the contractual amounts loss as a result of the discrimination, fraud, personal injury, contractual injury and attorney fees as allowed by law, general damages and punitive damages, the costs of this action, interest as allowed by law, and any other relief which the court deems equitable and for such other damages which is reasonable in the premises. The

Plaintiff also seeks declaratory, injunctive relief and damages together with the costs of this action and such other and further relief, as the Court deems appropriate under the circumstances. Plaintiffs request attorney fees. Plaintiffs demand a jury trial.\

128.    Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

129.    Wherefore, Plaintiffs requests judgment and relief against Defendants on all of Plaintiffs claims as follows:

General damages,

Special damages,

A ban of Defendants from posting any reviews of Plaintiff,

Loss of earnings and loss of future earning capacity,

For a correction and an apology from all defendants

Punitive damages,

Punitive damages and special damages in the amount of $30,000,000,000.

The costs of this suit and such other relief as the court deems just and proper.

Plaintiff demands a jury trial.

Dated this 22ND day of July, 2026.

Respectfully Submitted,

Timothy L. Ashford,
Timothy L. Ashford, P.C.L.L.O.
By: S/Timothy L. Ashford/
Timothy L. Ashford, #19687
P.O. Box 386
Omaha, Nebraska 68102
(402) 660-5544
Attorney for the Plaintiffs

Plaintiffs demand a jury trial as provided in Fed. R. Civ. P. 38(b).